# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 16-795V
### Filed: December 12, 2016
### UNPUBLISHED

| | |
|---|---|
| GABRIELLE SALOMONE, | |
| Petitioner, | |
| v. | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit ("SPU") |
| Respondent. | |

*Carol L. Gallagher, Carol L. Gallagher, Esquire, LLC, Linwood, NJ, for petitioner.*
*Alexis B. Babcock, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On July 5, 2016, Gabrielle Salomone ("petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleged that she suffered Guillain-Barré Syndrome ("GBS") as a result of receiving the influenza ("flu") vaccine on October 16, 2014. Pet. at 1. On October 26, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 21).

On November 29, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 25). Petitioner requests attorneys' fees in the amount of $28,105.00,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

attorneys' costs in the amount of $1,432.88, for a total amount of $29,537.88. Attachments 1-4 to Petitioner's Motion (ECF No. 25). In compliance with General Order #9, petitioner has filed a signed statement indicating she incurred no out-of-pocket expenses. Attachment 4 to Petitioner's Motion (ECF No. 25).

On December 2, 2016, respondent filed a response to petitioner's motion. (ECF No. 26). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. She "respectfully recommends that the chief special master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

On December 2, 2016, petitioner filed a reply. (ECF No. 27). Petitioner "respectfully requests that the special master find that petitioner is entitled to the fees and costs as set forth in her Motion." *Id.* at 1-2. Petitioner added that "[i]n the interest of lessening the burden on the court, petitioner does not intend to file an Amended Motion for Fees and Costs to include time spent responding to this Motion." *Id.*

In a reasoned decision involving petitioner's counsel issued approximately one year ago, another special master found that the *Davis* exception applies to the geographical area where petitioner's counsel practices. *See Gonzalez v. Sec'y of Health & Human Servs.*, No. 14-1072V, 2015 WL 10435023, at *11-12 (Fed. Cl. Spec. Mstr. Nov. 10, 2015). In that decision, the special master determined that an appropriate hourly rate for the work performed by petitioner's counsel in 2015 was $315. *Id.* at *12. The undersigned agrees with and adopts the reasoning in *Gonzalez* regarding the application of local attorney rates when determining appropriate hourly rates for petitioner's counsel. However, the undersigned finds that the hourly rate requested by petitioner, $350, is an appropriate local rate.

In *Gonzalez*, the special master also identified certain activities that petitioner's counsel billed for at her attorney rate, but should have been billed for at a reduced rate since they were more appropriately performed by a paralegal. The special master determined an appropriate paralegal rate was $80. *Gonzalez*, 2015 WL 10435023, at *14. The undersigned has reviewed the billing records in this case and determined that all of the hours billed are for work appropriately performed by petitioner's counsel and will be paid at the requested rate of $350.

The undersigned does, however, reduce the amount of hours billed in this case by .5 hours. Specifically, two entries included by petitioner are for future work that has not yet been performed by petitioner's counsel. *See* Attachment 1 to Petitioner's Motion at 9. These two entries, totaling .5 hours, will not be paid, resulting in a deduction of $175. In the undersigned's experience, the remaining amounts requested are

reasonable, and the undersigned finds no cause to reduce the requested hours or rates further.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards $29,362.88[3], representing reimbursement for all attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Carol L. Gallagher.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.